UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's Motion to Remand, RENDERING MOOT Defendant AP's Motion to Dismiss, and GRANTING Defendant NYCB's Motion to Dismiss

Before the Court is Plaintiff John K. Reed's motion to remand this action to state court. Dkt. # 15. Also before the Court are Defendants New York Community Bank ("NYCB") and Aldridge Pite, LLC's ("AP") motions to dismiss. Dkts. # 11, 12. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant NYCB's motion to dismiss WITH PREJUDICE. Defendant AP's motion to dismiss is RENDERED MOOT given the Court's finding that AP was fraudulently joined to this litigation to destroy diversity.

I.   Background

   A.   The Loan, the Deed of Trust, and the Assignment

Plaintiff John K. Reed borrowed $999,990.00 from Defendant Ohio Savings Bank ("OSB") in December 2005. *See Complaint* ("*Compl.*") ¶ 12; *AP's Opposition to Motion to Remand* ("*AP Remand Opp.*") 2:19-25. Plaintiff secured the loan by a deed of trust on his Santa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

Barbara home.[1]  *See RJN*, Ex. A (Deed of Trust); *AP Remand Opp.* 2:19-25.  Nearly five years later, Plaintiff defaulted on the loan payments.  *RJN*, Ex. D.

In December 2009, the Office of Thrift Supervision took possession of all of OSB's property and appointed the FDIC as OSB's receiver.  *AP Remand Opp.* 3:19-28.  On December 4, 2009, pursuant to a "Purchase and Assumption Agreement" signed by FDIC and NYCB, Defendant NYCB acquired an interest in Plaintiff's Note and Deed of Trust.  *Id.*  MERS, as assignee for the FDIC, formally recorded NYCB's interest in an assignment of the deed of trust, filed with the Santa Barbara County Recorder's Office on November 30, 2010 ("2010 Assignment").  *See RJN*, Ex. C.  NYCB then commenced foreclosure proceedings by recording a Notice of Trustee's Sale on Plaintiff's home in January 2011.  *See RJN*, Ex. E.

  B.  <u>Plaintiff's Earlier Litigation</u>

Plaintiff attempted to stop NYCB's trustee sale of the Santa Barbara property through bankruptcy filings and various state court proceedings.  For purposes of the motions now before the Court, two of the bankruptcy cases are particularly relevant.

Plaintiff first filed for Chapter 7 bankruptcy on February 3, 2011, four days before NYCB scheduled the first trustee's sale.  *RJN*, Ex. F.  Because the bankruptcy proceeding automatically stayed the sale, NYCB applied for relief from the stay.  *RJN*, Ex. H.  Plaintiff opposed the motion, but the bankruptcy court ultimately held in favor of NYCB.  *See id.*  In so ruling, the bankruptcy court specifically granted NYCB the right to exercise its state-law foreclosure remedies.  *See id.*

Plaintiff again filed for Chapter 13 bankruptcy on October 11, 2011.  *RJN*, Ex. J.  In conjunction with the October 2011 bankruptcy filing, Plaintiff initiated an adversarial proceeding against non-party Wells Fargo, the holder of a second deed of trust on Plaintiff's property.  *See RJN*, Ex. M.  Plaintiff urged the bankruptcy court to strip Wells Fargo's deed of trust from the property because the NYCB deed of trust was superior to the Wells Fargo deed of

---

[1]  Defendant NYCB asks the Court to take judicial notice of the deed of trust, the assignment of the deed of trust, the notice of default and notice of trustee's sale, and various bankruptcy court filings.  *See NYCB's Request for Judicial Notice* ("*RJN*"), Dkt. # 13.  Under Federal Rule of Evidence 201(b)(2), the Court may "judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  All the documents attached to the Request for Judicial Notice are public documents that can be verified through public sources.  Moreover, the parties do not question the accuracy of the documents.  Thus, the Court GRANTS NYCB's request for judicial notice and takes these documents into consideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

trust, and because the NYCB deed of trust already exceeded the value of the property. *See id.* In reliance on Plaintiff's representations, the bankruptcy court voided the Wells Fargo lien from the property. *See RJN*, Ex. N, 2:1-20.

It was not until February 2016 that Plaintiff first alleged in state court that the 2010 Assignment was void and rendered the NYCB deed of trust unenforceable. *See Remand Mot.* 3:3-13; *see also* CV 16-0419 PSG (MRWx), Dkt. # 1, Ex. 1. In the February 2016 state court filing, Plaintiff named only Defendants NYCB and OSC (not Defendant AP) and asserted causes of action for wrongful foreclosure and cancellation of instruments. NYCB removed the action to this Court in March 2016, citing diversity as a basis for jurisdiction, and in June 2016, Plaintiff voluntarily dismissed the case without prejudice. *See* CV 16-0419 PSG (MRWx), Dkt. # 21.

C. The Present Litigation

Plaintiff filed this litigation in Santa Barbara County Superior Court on July 29, 2016. *See* Dkt. # 1, Ex. A. The only difference between the February 2016 Complaint and the July 2016 Complaint is that Plaintiff added AP as a defendant. *Compare* CV 16-0419 PSG (MRWx), Dkt. # 1, Ex. 1; *and* CV 16-6610 PSG (MRWx), Dkt. # 1, Ex. 1. AP, a limited liability company, has at least one member that is a citizen of California, so AP is a California citizen for purposes of assessing diversity. Because Plaintiff is also a citizen of California, the parties in this litigation are not completely diverse. Defendants assert that Plaintiff added AP to the litigation only to destroy diversity. They point out that AP has occasionally represented NYCB in matters related to title and foreclosure suits, but is not a party to the original deed of trust or the 2010 Assignment. *AP Remand Opp.* 2:2-6. Despite the apparent lack of diversity among the parties, Defendants again removed the action to federal court, and Plaintiff now moves to remand.

Apart from the jurisdictional issue, Plaintiff raises three arguments in support of his position that the Assignment from the FDIC to NYCB is invalid: (1) the Assignment is void because OSB was already defunct by the time it was made, (2) the Assignment is void because it was not executed contemporaneously with the loan, debt, or promissory note, and (3) the Assignment is void because it was the subject of notary fraud at the time of execution. *See Compl.* ¶¶ 29, 31, 33, 35. Defendants move to dismiss the Complaint in its entirety.

II. Legal Standard

A. Motion to Remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Removal must be rejected if there is any doubt as to the propriety of removal. *See id.* (citing *Gaus*, 980 F.2d at 566).

      B.     Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.3d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of plaintiffs, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

III.     Discussion

Plaintiff moves to remand this action to state court and Defendants move to dismiss the Complaint. Because the Court cannot reach the merits of the case before determining that it has jurisdiction, the Court first turns to the motion to remand and the issue of whether AP is properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

joined. Ultimately agreeing with Defendants that AP is a sham defendant, the Court then turns to the merits of NYCB's 12(b)(6) motion.

 A. <u>Motion to Remand</u>

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all defendants and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Plaintiff contends that diversity jurisdiction is lacking because the parties are not completely diverse. Defendants, in turn, argue that Defendant AP, a California citizen, is a sham Defendant and should not be considered when the Court assesses the diversity among the parties.

The citizenship of a "sham" defendant may be disregarded for purposes of diversity jurisdiction pursuant to the doctrine of fraudulent joinder. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Archuleta v. Am. Airlines, Inc.*, No. CV 00-1286 MMM (SHx), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). A defendant seeking removal to federal court may present facts to show that joinder is fraudulent. *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). "Merely showing that an action is likely to be dismissed against the sham defendant does not demonstrate fraudulent joinder." *Rico v. Jones Lang Lasalle Americas, Inc.*, No. 14-1322 GHK (JEMx), 2014 WL 1512190, at *2 (C.D. Cal. Apr. 16, 2014); *accord Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Rather, if there is a "possibility" that plaintiff might assert a cause of action against the alleged "sham" defendant, the court should find that the defendant is not fraudulently joined. *Rico*, 2014 WL 1512190, at *2. There is a general presumption against fraudulent joinder and fraudulent joinder must be shown by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Defendant AP alleges that it is a sham defendant because Plaintiff cannot state a claim against it. AP is mentioned in the body of the Complaint only once, *see Compl.* ¶ 7, and in that paragraph, Plaintiff describes only AP's office location and does not specifically allege any facts against it. AP is not a party to the deed of trust or the 2010 Assignment, and AP alleges that it has no interest in the Santa Barbara property. *AP Remand Opp.* 6:17-27.

For his part, Plaintiff asserts that he can state a cause of action against AP because the law firm is an "alter ego" of Clear Recon Corp., the substitute foreclosure trustee. *Motion to Remand* ("*Remand Mot.*") 5:24-27. Plaintiff alleges that AP and Clear Recon share a common

Case 2:16-cv-06610-PSG-MRW   Document 35   Filed 12/06/16   Page 6 of 8   Page ID #:709

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

address and phone number, and that AP's managing partner is also president of Clear Recon. *Remand Mot.* 6:4-12. Plaintiff also argues that the California Supreme Court's recent decision in *Yvanova v. New Century Mortgage Corp.* allows Plaintiff to state a claim against AP. *Id.* 5:24-28 (citing 62 Cal. 4th 919, 923 (2016)).

Even if the Court were to accept Plaintiff's allegation that AP and Clear Recon are alter egos, however, Plaintiff cannot state a cause of action against AP. Neither AP nor its alleged alter ego, Clear Recon, is a party to the deed of trust or the 2010 Assignment. Because all of Plaintiff's claims are predicated on the alleged invalid assignment, and neither AP nor Clear Recon was a party to that Assignment, Plaintiff's allegations against AP are implausible. *Accord United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (concluding that defendant was fraudulently joined where it was not a party to the contract). It is telling, moreover, that Plaintiff names only AP, and not its alleged alter ego, Clear Recon, in the Complaint. If AP is liable for any unlawful conduct, according to Plaintiff, it is because its "alter ego" Clear Recon violated the law. But Plaintiff does not even attempt to allege a cause of action against Clear Recon, let alone mention Clear Recon by name in the Complaint.

Similarly, *Yvanova* does not provide Plaintiff any relief against AP. *Yvanova* granted plaintiffs standing to challenge a void assignment. *See* 62 Cal. 4th at 923. It did not, however, expand the class of defendants that could be sued for wrongful foreclosure. Nothing in *Yvanova* supports Plaintiff's claim that a bank's law firm could be sued for wrongful foreclosure. So, while *Yvanova* may have granted Plaintiff standing to challenge a void assignment, *Yvanova* does not give Plaintiff standing to sue an entity that was not a party to the assignment in the first place. Plaintiff's reliance on *Yvanova* is thus equally unconvincing.

In light of the above, the Court finds that Defendant AP was fraudulently joined to destroy diversity in this case. The Court therefore DISMISSES AP from this litigation. The only remaining Defendants are OSB and NYCB. Because OSB is a defunct organization that cannot be sued, the only remaining Defendant, for all practical purposes, is NYCB. Because Defendant NYCB is from a different state than Plaintiff and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over this case. Plaintiff's motion to remand is therefore DENIED. Defendant AP's motion to dismiss is also RENDERED MOOT by the Court's finding that AP was fraudulently joined to destroy diversity.

    B.    <u>Motion to Dismiss</u>

Defendant NYCB moves to dismiss the Complaint on grounds of judicial estoppel, *res judicata*, the statute of limitations, and failure to state a claim. *See generally NYCB Motion to*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

*Dismiss* ("*NYCB Mot.*"). Because judicial estoppel provides the clearest ground for dismissal of the Complaint, the Court focuses on that argument here.

Judicial estoppel precludes a party from asserting a position in a current legal proceeding that is contrary to the position that the party previously asserted in another judicial proceeding. *See Stevens Technical Servs., Inc. v. SS Brooklyn*, 885 F.2d 584, 588 (9th Cir. 1988). Its purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). When a party takes a position and persuades a court to grant relief based on that position, judicial estoppel precludes that party from taking a clearly inconsistent position in different litigation. *See id.* To establish judicial estoppel, courts consider three factors: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position; and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hamphire*, 532 U.S. at 750-51).

Plaintiff argues that his position in the bankruptcy proceedings is not clearly inconsistent with his position in this litigation because "Plaintiff never affirmatively [took] a position on the validity of the First Deed of Trust in in [sic] his pleadings seeking to strip the Second Deed of Trust . . . ." *Plaintiff's Opposition to NYCB Mot.* 6:27-28; *see also id.* 7:3-4 ("Attaching a copy of the First Deed of Trust an [sic] Exhibit is not the making of an argument for validity, but rather pointing to its existence."). The Court disagrees entirely. To succeed in stripping the Wells Fargo junior lien from the title of the property, Plaintiff had to convince the bankruptcy court that the NYCB loan was valid. He had to identify superior liens, their value, and the value of the encumbered property; as proof of the validity of the lien, Plaintiff even attached a copy of NYCB deed of trust. *See RJN*, Ex. M. Although Plaintiff may not have expressly argued that the first deed of trust was valid, Plaintiff's bankruptcy filings—which asked the bankruptcy court to void the second deed of trust on his home because of the existence of the NYCB deed of trust—are premised on the foundation that the NYCB loan is valid and enforceable. It is thus disingenuous and entirely inconsistent with earlier filings for Plaintiff to now argue that the NYCB loan is, in fact, void and unenforceable. *See NYCB Reply* 6:21-7:11. The first element of judicial estoppel is thus satisfied.

Plaintiff does not dispute that the second or third elements of judicial estoppel are also satisfied here. As to the second, there is little doubt that Plaintiff successfully persuaded the bankruptcy judge of his position—the bankruptcy judge found in Plaintiff's favor and stripped the second lien from the title of the home. *See RJN*, Ex. N. Similarly, as to the third element,

Case 2:16-cv-06610-PSG-MRW   Document 35   Filed 12/06/16   Page 8 of 8   Page ID #:711

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6610 PSG (JEMx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | John K. Reed v. Ohio Savings Bank *et al.* | | |

allowing Plaintiff to change his position now would grant him an unfair advantage because NYCB has already established a right to foreclose and the bankruptcy court acted in reliance on Plaintiff's representations. Plaintiff also obtained a discharge of the second deed of trust without allowing his creditors to learn of the purported invalidity of the first deed of trust. *See Ah Quin*, 733 F.3d at 271. Because allowing Plaintiff to change his position now would be unfair to NYCB and Plaintiff's creditors, the Court declines to do so.

Plaintiff urges the Court to excuse the inconsistency in the filings because Plaintiff did not know, in 2011, of the possibility of challenging the 2010 Assignment under *Yvanova*. *See Opp.* 7:6-8 ("Plaintiff has no duty of clairvoyance as to claims he might have upon a change in law he didn't know would occur. He is not required to put into a bankruptcy petition non-existent or speculative claims."). However, the doctrine of judicial estoppel does not allow such an escape hatch for developments in the law. Because Plaintiff was able to discharge the second lien on his home only by arguing that the NYCB deed of trust was valid and enforceable, Plaintiff cannot now argue that the NYCB deed of trust is invalid and unenforceable. *See Ah Quin*, 733 F.3d at 271 (quoting *New Hampshire*, 532 U.S. at 749-50).

The Court therefore GRANTS Defendant NYCB's motion to dismiss on the ground of judicial estoppel. The Court also declines to grant leave to amend because, given the grounds for dismissal, amendment would be futile.

IV.     Conclusion

Given the above considerations, the Court DENIES Plaintiff John K. Reed's motion to remand and DISMISSES Defendant Aldridge Pite, LLP from this litigation as a fraudulently joined Defendant. Then, confident that it has diversity jurisdiction over the Complaint, the Court GRANTS Defendant NYCB's motion to dismiss WITHOUT LEAVE TO AMEND. This Order closes this case.

**IT IS SO ORDERED.**